The Town of Trenton, Appellant, v. T. H. Clayton *et al.*, Respondents.

Kansas City Court of Appeals, June 13, 1892.

1. **Municipal Corporations:** LEGISLATIVE POWERS: CONSTRUCTION: DEFINITION. Grants of legislative powers to municipalities are quite strictly construed, and if there is any fairly reasonable doubt concerning the existence of the power it is denied; and a municipal corporation is powerless to extend or widen the scope of its powers by arbitrary and unauthorized definition of words or terms, so as to include more than was intended by the legislature.

2. ———: DEFINITIONS: PEDDLER. Peddler, as meant by the legislature in granting powers to the corporation of Trenton, included only such persons as shall deal in the selling of merchandise and other articles by going from place to place, and did not include commercial agents or drummers, as the ordinance of Trenton attempted to do.

3. ———: DELEGATION OF LEGISLATIVE POWER. Powers and trusts devolved by law or charter upon the council or governing body of a municipality, to be exercised by it when and in such a manner as it shall judge best, cannot be delegated to others; and an ordinance leaving the granting, or not granting, of peddlers' licenses—to whom, for what period, and for what costs—altogether with the mayor is bad, and cannot be sustained even under the general welfare clause of the charter.

*Appeal from the Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*O. M. Shanklin* and *McDougal & Sebree*, for appellant.

(1) The ordinance is within the scope of the powers conferred upon the town council, and is valid. Laws, 1872, p. 482; *St. Louis v. Boffinger*, 19 Mo. 13, 15; *Gas Co. v. Des Moines*, 44 Iowa, 509; Dillon on Municipal Corporations, sec. 328; *Powell v. Pa.*, 127 U. S. 678, and cases cited; *Com. v. Brinton*, 132 Pa. St. 69. (2) Defendants went "from place to place to sell" goods; they did sell and did in person thereafter deliver the goods so sold. Hence, they were peddlers within the meaning of the law. R. S. 1889, sec. 7211; *Com. v. Gardner*, 25 W. N. C. 462; s. c., 7 Lawyers' Rep. Ann. 667, and note; *Graffty v. Rushville*, 107 Ind. 502; s. c., 57 Am. Rep. 128, and note.

*Harber & Knight*, for respondents.

(1) Paragraph 9, section 1, of article 3 of appellant's charter gives its counsel no authority to define peddling or to declare certain acts peddling which were not such either in fact or law, nor did the general welfare clause give its council additional rights to legislate upon this subject. *St. Paul v. Stultz*, 22 N. W. Rep. (Minn.) 634. Its ordinances upon this subject must conform to the state law. R. S. 1889, sec. 1902. (2) Section 1 of the ordinance under consideration is clearly void in so far as it undertakes to prohibit "any person from selling articles by going from place to place or by order." (3) Section 4 is clearly void for the reasons: *First.* The council undertakes to delegate the power

vested in it to the mayor. This it cannot do. Dillon on Municipal Corporations [3 Ed.] sec. 60, p. 180, and cases cited; *Darling v. St. Paul*, 19 Minn. 389; Cooley's Constitutional Limitations, sec. 204; *City of Cape Girardeau v. Fougeu*, 30 Mo. App. 551–8; *East St. Louis v. Wehning*, 50 Ill. 28. *Second.* It authorizes the mayor to discriminate between the citizens of the town, gives him the authority "to grant permission to any worthy resident of the town." *Third.* It discriminates between citizens of the town and others. Cases above cited, and also cases cited under points 5 and 6. *Fourth.* It attempts to confer on the mayor the power of fixing the fee for such license of $1 to $100, according to his caprice, likes and dislikes. *Town v. Barenstein*, 23 N. W. Rep. (Iowa) 652; 66 Iowa, 249, and cases cited under last points. (4) The discrimination in favor of citizens of Trenton and against others renders section 4 of the ordinance void, and the remainder thereof being dependent thereon and so closely connected therewith the whole ordinance is void. *Com'rs Edenton v. Cape Hearts*, 71 N. C. 156; *Graffty v. City of Rushville*, 107 Ind. 502; *Baldwin v. Franks*, 7 Sup. Rep. 656, and cases under sixth point. (5) Defendants were not peddlers, and, notwithstanding appellant's attempt to declare all, "every one that went from place to place, in or out of the town, or took orders for goods and afterwards delivered them in the town or elsewhere, peddlers, such declarations on part of appellant's council does not change the law of the land, or make those peddlers who are not such in law. It is only peddlers, not those its council sees fit to designate as such, that it is authorized "to license, tax, regulate or suppress," and the agreed statement shows defendants are not in law or fact peddlers. *Ballou v. State*, 6 S. Rep. (Ala.) 393; *Ex parte Murray*, 8 S. Rep. (Ala.) 868; *State v. Agee*, 83 Ala. 110; *City*

*of Davenport v. Rice*, 75 Iowa, 74, 39 N. W. Rep. 191; *Village of Cerro Gordo v. Rawlins*, 25 N. E. Rep. (Ill.) 1006; *Emmons v. City of Lewistown*, 132 Ill. 380; 24 N. E. Rep. 58; *City of Kansas v. Collins*, 34 Kan. 434–437; 8 Pac. Rep. 865, and cases cited; Bishop on Statutory Crimes, secs. 1074–5; *Com'rs v. Jones*, 7 Bush (Ky.) 502; *Com'rs v. Shrunk*, 21 Atl. Rep. (Pa.) 258; *Mays v. Cincinnati*, 1 Ohio St. 268.

GILL, J.—From the agreed statement of facts, it appears that Davis & Co. were dealers in general merchandise, with stores at Trenton, Missouri, and Atchison, Kansas. The defendants were employed as salesmen; and, in the effort to sell the goods of their employers, they took samples of various articles, visited the different residences in Trenton and secured written orders for the goods of Davis & Co. The merchandise was subsequently delivered and paid for. The goods carried around were not sold nor offered to be sold, but were simply used to exhibit to customers the character of goods kept and for sale by Davis & Co.

The defendants were charged with selling goods as peddlers in the town of Trenton without a license, contrary to the provisions of an ordinance of said town relating to peddlers. Section 1 of said ordinance reads thus: "Sec. 1. Any person who shall engage in selling any drugs, medicines, dry goods, groceries or personal property or merchandise, except books, maps, charts and stationery, by going from place to place to sell the same, or shall sell the same by first taking an order and afterwards delivering the article, either in person or by an agent, or shall sell the same by public out-cry in the streets of said town, is declared a peddler." Sections 2 and 3 prohibit anyone from acting or dealing as peddler unless permission therefor be obtained from the mayor of said town. Section 4

provides as follows: "Sec. 4. The mayor is hereby authorized to grant permission to any worthy resident of the town of Trenton to deal as a peddler upon payment to the marshal of a license fee to be fixed by the mayor on granting the same, and the amount of license in all cases shall be fixed by the mayor, provided that the license so fixed shall in no case be less than $1, nor more than $100, for every period of six months or fraction thereof." Section 5 provides a penalty for violation of the terms of the ordinance.

The case was submitted to the circuit court on an agreed statement incorporating substantially the foregoing facts; there was a judgment for defendants, and the town has appealed.

The ordinance which forms the basis of this prosecution is, in our opinion, clearly invalid, and for more than one reason. In the first place, the town council in the ordinance quoted, has gone beyond the powers delegated by the legislature. By the charter of Trenton (Laws, 1872, p. 481), it is enacted that "the town council shall have power, within said town, by ordinance, not repugnant to the laws of the land * * * to license, tax, regulate or suppress * * * peddlers," etc. It is well understood that municipal corporations can exercise only such powers of legislation as are given it by the law-making power of the state. The grants of such powers are quite strictly construed, and "any fairly reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied." 1 Dillon on Municipal Corporations [4 Ed.] sec. 89. As the municipal corporation cannot legislate regarding any subject-matter unless so authorized by the state, so is the corporation powerless to extend or widen the scope of its powers by the arbitrary and unauthorized defi-

nition of words or terms, so as to include more than was intended by the legislature.

These remarks are suggested by a consideration of section 1 of the above quoted ordinance, whereby the town council of Trenton has attempted, by extending the meaning of *peddler*, to widen the scope of its authorized legislation. *Peddler*, as meant by the legislature, in granting powers to the corporation of Trenton, included only such persons as "shall deal in the selling of merchandise (and other articles) by going from place to place to sell the same," etc. (R. S. 1889, sec. 7211), and this we held in *State v. Hoffman, post*, p. 585, did not include commercial agents or drummers, such as were these defendants. However, the town council of Trenton has, by the ordinance above, sought to regulate or license other and different employments, by extending the meaning of peddler, as used and understood by the legislature, by adding the words, "or shall sell the same by first taking an order and afterwards delivering the article, either in person or by an agent, or shall sell the same by public out-cry in the streets of said town."

Again the ordinance in question is objectionable, in that it assumes to transfer or delegate to the mayor a power given to the council. The charter of Trenton, as already quoted, reposed authority in the *town council* by ordinance to license, etc., peddlers. This ordinance turns over the entire matter to the caprice or discretion of the mayor. It leaves the granting or not granting peddlers' licenses—to whom, for what period, and for what cost—altogether with the town mayor. "The principle is a plain one, that the powers or trusts devolved by law or charter upon the council or governing body, to be exercised by it when and in such manner as it shall judge best, cannot be delegated to others."

Neither can this ordinance find any support from the thirteenth clause of plaintiff's charter, which empowers the council "to pass all such ordinances as may be expedient in maintaining the peace, good government, health and welfare of the town." The authority to pass such ordinance must affirmatively appear in the charter. It is not to be inferred from terms of such doubtful import. *City of St. Paul v. Stultz*, 22 N. W. Rep. (Minn.) 634; *Cape Girardeau v. Fougeu*, 30 Mo. App. 557.

It follows then from the foregoing considerations that the judgment of the lower court should be affirmed. It is so ordered. SMITH, P. J., concurs in this opinion; ELLISON, J., concurs in the result.