No. 11,118.

THE STATE OF LOUISIANA vs. JOHN McNALLY.

When a mechanic is employed to do a particular piece of work—for instance, to do the carpenter's work on a house, or to plaster, or to paint the same, and he works at his trade and employs others to assist him in the work, he is exempt from the license tax in pursuance of Art. 206 of the Constitution. City vs. Bayley 35 An. 545; City vs. Lagman, 43 An. 1180.

But when he undertakes to build houses generally and only superintends the work and performs only such mechanical labor on them as his pleasure may dictate, or to show or direct those employed by him, he does not follow exclusively on the buildings, employing others to assist him, but he is a contractor or master builder, employing others to do the work, exclusive of his labor. City vs. O'Neil et al., 43 An. 1182; City vs. Pothman, 45 An. —.

APPEAL from the Civil District Court for the Parish of Orleans.
Monroe, J.

_Edwin H. McCaleb_ for Plaintiff and Appellee.

_H. H. Bryant_ for Defendant and Appellant.

The opinion of the court was delivered by

McEnery, J. The defendant appealed from a judgment compelling him to pay a license tax as contractor or builder for the years 1888 to 1892, inclusive.

The statement of facts is as follows:

"John McNally, defendant, is a carpenter by trade and takes contracts for the construction of buildings and did so during the years named in the rule. His gross receipts from his business during these years named exceeded the sum of $20,000 per annum.

"During these years, and the years previous thereto he has performed personal manual labor upon all buildings constructed under said contracts, working with the tools and implements of his trade and helping with his own hands to build the constructions. That he is his own superintendent and supervisor and directs all constructions and has done so during the years named.

"The value of his work as a carpenter was insignificant compared with the gross receipts, and if deducted therefrom would not affect the amount due by him for license, if he be held not to be exempt under the law. He works, and works only on his own jobs or contracts, and does not work daily because he does not have work on hand at all periods. The time given to his own personal labor as compared with the time given to supervising is about one-tenth. The wages of a carpenter was and is about $2.50 per day."

In the case of Lagman & Son, 43 An. 1180, under which defendant claims that he is exempt from the payment of a license tax, the de-

fendants were carpenters, employing others to assist them, but they worked continuously on the particular structure which they had under contract.

The defendant in this case did not work continuously—that is, exclusively on the one job which he had engaged to do. He had several at one time, and his labor on them was insignificant when compared to the time he gave to superintending the several undertakings.

As stated in the case of Pohlman, just decided, the simple fact of partial or inconsiderable work on a building could not alter the fact that the one performing the manual labor was in fact a master builder.

In the cases of Bayley, 35 An. 545, and Lagman, 43 An. 1180, the defendants were plasterers and carpenters, exclusively employed in their occupations, worked continuously at their trades and only employed assistants on the particular piece of work on which they were engaged, being more than they could consistently personally execute.

The facts in the instant case are quite different from those in the above cases, and bring it in line with the cases of Conner, O'Neil & Pohlman, referred to.

To illustrate, we will add, that when a mechanic is employed to do a particular piece of work—for instance, to do the carpenter work on a house, or to plaster or to paint the same, and he works at his trade on said house and employs others to assist in the work, he is exempt, because he follows and works at his trade exclusively.

But when he undertakes to build houses generally, and only superintends the work and performs only such mechanical labor as his pleasure may dictate, or to show or direct those employed by him, he does not follow his trade exclusively on the building and employing others to assist him, but he is a contractor, employing others to do the work exclusive of his individual labor.

Judgment affirmed.