HENRY KIEL

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1898—Rehearing denied December 9, 1898.*

1. MUNICIPAL CORPORATIONS—*power to pass penal ordinances must be strictly construed.* The power to pass an ordinance and impose a penalty for its violation must be strictly construed, and not extended, by implication, to persons or things not expressly within the terms of such power.

2. SAME—*power of city to license occupation of brewer—where derived.* The power of a city to require a person or corporation to take out a license to carry on the business of a brewer is derived from clause 91 of section 1 of article 5 of the City and Village act, (Rev. Stat. 1874, p. 223,) which confers power "to tax, license and regulate auctioneers, distillers, brewers," etc.

3. SAME—*one selling or delivering beer made by others is not a brewer.* An ordinance requiring parties carrying on the brewing business within the city limits to take out licenses cannot be made to apply to a person engaged in selling or delivering beer manufactured outside the city, by providing that such sale or delivery "shall be held to be carrying on the business of a brewer."

CRAIG, J., dissenting.

*Kiel* v. *City of Chicago,* 69 Ill. App. 685, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Criminal Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

FITCH & DUHA, for appellant.

CHARLES S. THORNTON, Corporation Counsel, and DENIS E. SULLIVAN, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Three separate actions of debt were instituted before a justice of the peace by the city of Chicago against Henry Kiel and others, to recover a penalty for the vio-

lation of an ordinance passed by the city council on the
30th of November, 1896, which actions resulted in a judg-
ment in favor of the city. · An appeal was prosecuted to
the criminal court of Cook county, where, by agreement
of counsel, the three cases were consolidated and sub-
mitted to the court for trial without the intervention of
a jury, upon stipulated facts.  The court found the de-
fendants guilty and assessed a fine of $100 against each,
and entered judgment on the finding, but suspended the
judgment in two cases pending a decision herein, and
from that judgment an appeal was prosecuted to the Ap-
pellate Court, where the judgment of the criminal court
of Cook county was affirmed.  The defendant Henry Kiel
appealed to this court.

The Herman Berghoff Brewing Company operates a
brewery at Fort Wayne, Indiana, and sold and delivered
beer in the city of Chicago none of which was made or
brewed within the corporate limits of the city.  The
brewing company had no license under the ordinance in
question, but had a storehouse in the city of Chicago
from which beer was sold and delivered.  The material
parts of the ordinance under which the conviction was
had are as follows:

"Sec. 1.  No person, firm or corporation shall carry on
the business of a brewer or distiller within the city of
Chicago without having first obtained a license for such
business, as hereinafter provided, for each brewery and
each distillery conducted by such person, firm or corpo-
ration.  The selling or delivering within said city of any
product of a brewery or distillery by or on behalf of the
person, firm or corporation conducting or operating such
brewery or distillery shall be held to be carrying on the
business of a brewer or of a distiller, as the case may be,
within the meaning of this ordinance, and to be covered
by this ordinance: *Provided*, that the provisions of this
ordinance shall not apply to the manufacture or sale of
weiss beer.

"Sec. 2. Any person, firm or corporation desiring to carry on the business of brewer or distiller in said city shall file with the city clerk or city collector an application containing the full name of the applicant; the business proposed to be carried on, and whether such business will include brewing or distilling within said city or only disposing within said city of liquors brewed or distilled by the applicant elsewhere; the location of the place or places of business of the applicant, including the location of the brewery or distillery whose product is to be disposed of in said city under the license, and the name of each and every agent within said city representing any such applicant whose business may be carried on in said city through an agency. A separate application shall be made in respect to each brewery or distillery, wherever located."

The contention on the part of the city is, that under clauses 46, 66 and 91 of section 1 of article 5, chapter 24, of the Revised Statutes of Illinois, the power of the city to enact this ordinance is conferred, whilst the appellant contends the ordinance is invalid. By clause 46 power to regulate and prohibit the selling or giving away of intoxicating liquors is conferred upon the city by express enactment. By clause 66 power is conferred to regulate the police of the city or village and to pass and enforce all necessary police ordinances. By clause 91 power is conferred to tax, license and regulate auctioneers, distillers, brewers, lumber yards, livery stables, public scales, money changers and brokers. By clause 82 power is conferred on the city council to direct the location and construction of breweries, distilleries, livery stables, blacksmith shops and foundries within the limits of the city or village. This clause, with its express power, is followed by clause 91, which authorizes the city council to tax, license and regulate auctioneers, distillers, brewers, lumber yards, livery stables, public scales, money changers and brokers.

The powers conferred by the last two clauses are expressly powers specifically enumerated, and by a familiar canon of construction it will be presumed the act in express terms inhibited the licensing of all trades and occupations not contained in the enumeration. The principle is, that a power may be fairly implied as to police, but where a power is expressly enumerated in the charter of a corporation that is the measure thereof, and the enumeration of such power implies the exclusion of all others. *City of Cairo* v. *Bross*, 101 Ill. 475; *Huesing* v. *City of Rock Island*, 128 id. 465.

Clause 66, having reference to authority to pass police ordinances, does not extend the express power conferred by the provisions of clause 91. Clause 46, having reference to the power to license, regulate and prohibit the selling or giving away of intoxicating liquors, has no reference to the question presented by this ordinance. The right to direct the location and regulate the use and construction of breweries, given by clause 82, has reference to the location and regulation of such establishments within the limits of the city or village. The power granted by clause 91 is the power to tax, license and regulate the various enumerated establishments or business therein enumerated. If power exists for the adoption of this ordinance, it must exist by the express power conferred, and not by the definition given by the city council as to what is included in the power.

Section 1 of the ordinance provides that no person, firm or corporation shall carry on the business of a brewer within the city of Chicago without having obtained license for such business as by the ordinance provided, and then states: "The selling and delivering within such city of any product of a brewery * * * shall be held to be carrying on the business of a brewer," within the meaning of the ordinance. If the sale of a product of a brewery or distillery confers the power to require a license from such distillery or brewery, the driving of a

horse and vehicle from a livery stable in another town into the city would confer the power to require a license from such livery stable. If the sale of a single product could be held as conferring the power to require license, then the power, conferred under that provision, to tax, license and regulate lumber yards would include the power to require a license to be taken out by a lumber yard not in the city but making a sale of lumber within the city.

The power to pass an ordinance and impose a penalty for its violation is to be strictly construed, and is not to be extended, by implication, to persons or things not expressly within the terms of such power. Such power must be reasonably construed. The selling of the product of a brewery, distillery or lumber yard is one of the purposes of existence of such business, but the sale of a keg of beer, a bottle of alcohol or lumber to build a house does not constitute a brewery, a distillery or a lumber yard. Ample power is conferred on the city to license, regulate and prohibit the sale of intoxicating liquors by clause 46, and the sale of the product of breweries and distilleries may be regulated and controlled under the power conferred by that clause. It cannot be held to be within the spirit and meaning of this provision conferring enumerated powers on city councils, that a city or village may require a license from every distillery in the United States whose product is sold within the city, or its sale be actually restricted. If such power were conferred, then a city, by an ordinance, might provide for the licensing of distilleries within its limits, and prohibit the sale of the products of all other breweries and distilleries because not licensed by them. It would be a restriction in restraint of trade and a discrimination against such establishments outside of the city, not contemplated by the legislature. Such restriction is not within the power of a municipality and is not conferred by clause 46. Full power is given city councils to regulate the sale of the product of all distilleries or breweries, and within the limits of a city

the city council may regulate the location of and require a license from such establishments. The sale of the product of a brewery or distillery located without the State of Illinois or outside the limits of the city of Chicago may be regulated under clause 46 by an ordinance applicable to all such products, but the sale of such products does not bring a distillery or brewery within the limits of the city, or place it in such a position that a license can be required before a sale.

We hold the ordinance did not require the defendant to have a brewer's license, and it was error to find him guilty. The judgments of the criminal court of Cook county and of the Appellate Court for the First District are each reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE CRAIG, dissenting.