*In re* UNGER.

No. 219.    Opinion Filed December 2, 1908.

(98 Pac. 999.)

1.    MUNICIPAL CORPORATIONS—Taxation—Grant of Taxing. Power—
Strict Construction.   A grant by the Legislature of taxing power to a
municipal corporation is to be strictly construed, and any fairly
reasonable doubt concerning the existence of such power is resolved
by the courts against the corporation and the power is denied.   All
acts beyond the scope of the power granted are void.

2.    SAME—License Tax on "Contractors."   The power being granted by
the Legislature to a city of the first class to levy by ordinance an
occupation tax on "contractors," held, that the term is not sufficiently
generic to ·cover "persons doing contract work," and that that part
of an ordinance seeking to levy such tax on "persons doing contract
work" is illegal and void.

3.    HABEAS CORPUS—Grounds for Discharge—Void Ordinance.   Habeas
corpus will lie to discharge a petitioner restrained of his liberty by
virtue of a conviction based upon a void ordinance.
(Syllabus by the Court.)

Application of U. W. Unger for a writ of *habeas corpus.·*
Writ granted, and petitioner discharged.

*F. C. Hunt,* for petitioner.

*V. S. Decker,* for respondent.

TURNER, J.   On May 28, 1908, petitioner filed in this court
an original application for a writ of *habeas corpus,* alleging him-
self to be illegally restrained of his liberty by C. D. Spencer, city
marshall of the city of Chandler, for the nonpayment of a certain
fine and costs assessed against him in the police court. of said
city for the alleged violation of an ordinance thereof which said
ordinance he claims is void.   The return to the writ shows peti-
tioner to be in the custody of said Spencer, as city marshal of said
city, by virtue of an alias commitment from said court directing
respondent to confine petitioner in the city jail and keep him so
confined until said fine and costs are paid.   At that time the city
of Chandler was a city of the first class, and the only authority
relied on to justify the passage of the ordinance complained of is
that part of Wilson's Rev. & Ann St. 1903, Okla., which refers to
cities of that class, and provides: "Sec. 386.   The city council shall

have the authority to levy and collect a license tax on auctioneers, contractors. * * *" Pursuant to this authority, the city council of said city on December 17, 1907, passed an ordinance, the material part of which is as follows:

"Sec. 1. That for the·purpose of raising a revenue for said city there is hereby levied an occupation tax on each and every occupation and business hereinafter named, that are now and may hereinafter be maintained within the corporate limits of the city of Chandler, Lincoln county, Oklahoma.· * * * House and sign painting business six ($6.00) dollars per year. * * * Contractors or persons doing contract work twenty ($20.00) dollars per year. * * *"

"Sec. 4. It shall be unlawful for any person, persons, or company or corporation to engage in any of the businesses provided herein without first paying the tax herein specified and provided for and obtaining a license therefor.

"Sec. 5. Any person, persons, company or corporation violating any of the provisions of this ordinance shall upon conviction thereof be fined in a sum of not less than five dollars, nor more than one hundred dollars, and shall stand committed until such fine and costs are paid and each and every day wherein such violation shall continue shall constitute a new and independent offense."

On January 16, 1908, petitioner was arrested on a complaint charging that on January 1, 1908, in the city of Chandler, he, "then and there being, did then and there willfully, unlawfully, and wrongfully do certain contract work, to wit, house and sign painting, doing such work at a contract price and not by the day labor, nor so much per diem, and this without first paying for and taking out an occupation tax license," as provided for in the ordinance aforesaid contrary to section 1 thereof, etc. He was tried, convicted, fined, and committed "until said fine and costs are·paid." He insists that the ordinance is void. If so, he must be discharged; otherwise not.

In our opinion that part of the ordinance forming the basis of this prosecution is clearly void, for the reason that it goes beyond the taxing power· delegated by the legislature in the section of the statute above set forth. The authority there dele-

gated gave the city the power to tax "contractors." Municipal corporations can exercise only such powers of legislation as are given them by the lawmaking power of the state. Grants of such powers are strictly construed, and "any ·fairly reasonable doubt is resolved by the courts against the corporation, and the power is denied. * * * All acts beyond the scope of the powers granted are void." 1 Dill. on Munic. Corp. (4th Ed.) § 89. "By the weight of authority, statutes and ordinances imposing licenses and business taxes are to be construed strictly in favor of the citizen and against the government, especially where they provide penalties for their violations" (21 Am. & .Eng. Enc. of Law (2d Ed.) § 809), as in this case, and are not to be extended to persons or things not expressly within the grant of power (*Kiel v. City of Chicago,* 176 Ill. 137, 52 N. E. 29). It is also a fundamental cannon of construction that in this connection the lawmaking power must have used the words employed in their known and accepted signification. *Emmons v. City of Lewistown,* 132 Ill. 380, 24 N. E. 58, 8 L. R. A. 328, 22 Am. St. Rep. 540.

Tested by these rules, did the grant of power to pass an ordinance levying an occupation tax on "contractors" grant the power to· the city to so tax "persons doing contract work"? In other words, is the term "contractors" in the sense in which it was used in the section of the statute, *supra,* sufficiently generic to embrace within its meaning "persons doing contract work"? If so, the ordinance is valid; if not, it is void, and the petitioner must be· discharged. In *Brown v. German-American Title & Trust Company,* 174 Pa. 443, 34 Atl. 335, the court adopted the definition of a "contractor," as laid down in the Century Dictionary, to be "one who contracts or covenants either with * * * a public body or private parties * * * to * * * construct works or erect buildings * * * at a certain price or rate." That this is the sense in which the term is commonly understood is apparent, and by it we are persuaded that the Legislature only intended to· grant the power to

tax the occupations of such building contractors, bridge con tractors, railroad contractors, paving contractors, etc., or those engaged in what is commonly known as construction work on a large scale. In this we are borne out by Webster's International Dictionary which defines "contractor" to be "specifically one who contracts to perform work on rather a large, scale, at a certain price or rate, as in building houses or making a railroad."

Having thus determined what occupations are fairly taxable under the term "contractors," let us see what fall within the meaning of "persons doing contract work" as distinguished from the former, for to these the city has attempted to extend by this ordinance its power of taxation. It is clear that "persons doing contract work" not only includes contractors themselves, but might fairly be construed to cover in the broadcast acceptation every person engaged in any kind of work pursuant to a contract express or implied. Under its guise, the city might tax all workers for hire whether by job, day, month, or any other time, and might fairly include the trades and professions, the bootblack, the messenger boy, and the maid in the kitchen. The difference in the range of taxation covered by the two terms, and that the first is not sufficiently generic to cover the second, is apparent at a glance. Now let us turn to the complaint, and see what is attempted to be done in this instance. Petitioner therein is charged, not with carrying on the business or being engaged in the occupation of "house and sign painting" (taxed in the same ordinance at $6 per year) without paying the license tax, but with on a certain day "doing certain contract work, to wit, house and sign painting, doing such work at a contract price, and not by the day labor or so much per diem," contrary to the terms of the ordinance. In other words, the complaint charges him with doing an odd job or isolated act of house and sign painting. That such a person is not a "contractor" within the meaning of the ordinance is apparant from what has been said, and also by the distinction drawn by the Supreme Court of Louisiana in *State v. McNally,* 45 La. Ann. 44, 12 South. 117. In that case defendant appealed from a judgment against him in the civil district court of the parish of Orleans compelling him

to pay a license tax as "contractor or builder." In distinguishing between contractors and others, the court, in passing, said:

"To illustrate, we will add that when a mechanic is employed to do a particular piece of work, for instance to do the carpenter work on a house, or to plaster or to paint the same, and he works at his trade on said house and employes others to assist in the work, he is exempt, because he follows and works at his trade exclusively. But, when he undertakes to build houses generally, and only superintends the work and performs only such mechanical labor as his pleasure may dictate, or to show or direct those employed by him, he does not follow his trade exclusively on the building and employing others to assist him, but he is a contractor, employing others to do the work exclusive of his individual labor."

As such a person, then, as is described in the complaint, is clearly not a "contractor," and as the city was without legislative power to extend by ordinance its power of taxation so as to include this isolated act of house and sign painting under a provision therein taxing the occupation of "persons doing contract work," we conclude that that part of the ordinance attempting to tax "persons doing contract work" is illegal and void, and petitioner's conviction, fine, and present restraint are also illegal and void. It would seem that in ordaining a tax on "contractors" or "persons doing contract work" the lawmaking power of the city was attempting to define what occupations were intended to be included under the term "contractors." If such is true, the attempt was futile, as it goes without saying that the city could not extend its powers of taxation by an unauthorized definition of a word contained in the grant of power (*Kansas City v. Lorber,* 64 Mo. App. 605; *Twining v. City of Elgin,* 38 Ill.. App. 356; *Town of Trenton v. Clayton,* 50 Mo. App. 535), and that by defining the word "contractors" as "persons doing contract work" did not make it so, and this court will not be bound by such definition.

While the right of petitioner to invoke the aid of the writ of *habeas corpus* is not before us, if it were, we are inclined to think we would favor the right. We are not unmindful that

irregularities in proceedings of this kind before the lower courts are not properly inquired into by *habeas corpus* but on appeal; but where, ·as in this case, the conviction and consequent restraint are the result of a prosecution based upon a void ordinance, the error is not merely an irregularity, but fundamental, and may be reached by this writ. *In re Gribben,* 5 Okla. 379, 47 Pac. 1074; 15 Am. & Eng. Enc. of Law (2d Ed.) 169, and · cases cited; McQuillin, Munic. Ord. p. 574, and cases cited; *Hans Neilsen, Petitioner,* 131 U. S. 176, 9 Sup. Ct. 672, 33 L. Ed. 118.

We are therefore of the opinion that that part of the ordinance seeking to impose an occupation tax on "persons doing contract work" is void; that the judgment of the lower court is also void; that the petitioner is illegally restrained of his liberty, and should be· discharged; and it is so ordered.

All the Justices concur.