ARKANSAS STATE LICENSING BOARD FOR GENERAL
CONTRACTORS *v.* LANE.

4-8669                                            215 S. W. 2d 707

Opinion delivered December 20, 1948.

*W. J. Smith* and *Hardin, Barton & Shaw,* for appellant.

*Daily & Woods,* for appellee.

HOLT, J. April 21, 1948, appellant filed complaint in which it alleged that appellee, C. A. Lane, is a nonresident and "is now employed by Jack Corgan of Dallas, Texas, to supervise the construction of an outdoor drive-in theater located about five miles southeast of the City of Fort Smith in Sebastian county, Arkansas, on State Highway No. 22; that the cost of the construction project supervised by the defendant exceeds $10,000.

"That the defendant is not licensed by the Arkansas State Licensing Board for General Contractors to engage in the business of general contracting in the State of Arkansas and by reason thereof is operating in violation of the Arkansas State Licensing Law for General Contractors (Act 124 of 1939 as amended by Act 217 of 1945) which provides that one who undertakes to construct or have constructed under his direction or who superintends the construction of any structure or any improvement costing $10,000 or more shall be deemed to have engaged in the business of general contracting in the State of Arkansas and shall prior to engaging in such business procure from the Arkansas State Licensing Board for General Contractors a permit or license to do so.

"That the defendant is not employed by, working under the supervision of, nor representing an architect or engineer licensed or registered and authorized to practice and engage in either of such professions in the State of Arkansas."

The prayer was for injunctive relief, restraining appellee, Lane, from performing the work in question.

Appellee answered with a general denial and alleged "that his sole and only employment is with Jack Corgan; that this employment is full time employment for a fixed and constant salary of $112.50 per week and has continued without interruption since June, 1947; that his duties in this employment require him to devote his full time and energies to the business and enterprises of his em-

ployer wherever located; that his employer, Jack Corgan, is a member of a business partnership composed of J. H. Wisdom and Jack Corgan, doing business under the firm name of '22 Drive-In Theater'; that this defendant's present duties and tasks under said employment above described, consist of acting as engineering supervisor on the job of constructing an open-air, drive-in theater in Sebastian county, Arkansas, which construction job is being undertaken upon a lease-hold of land belonging to J. H. Wisdom and Jack Corgan, partners, doing business as '22 Drive-In Theater' and that said construction job is being conducted, supervised, actively superintended, controlled and regulated by one of said partners, J. H. Wisdom.

"That said partnership is the sole owner of a long-term lease-hold on the premises on which said theater is being constructed, and said partnership is the sole owner of the theater building and all other buildings, structures and improvements located upon and being erected upon said premises."

From an order denying the relief prayed and dismissing appellant's complaint is this appeal.

Appellant says: "The only question presented to the Court in this appeal is whether the appellee was a contractor and was engaged in the business of contracting within the meaning of the Arkansas State Licensing Law for General Contractors, Act 124 of 1939, as amended by Act 217 of 1945."

Section 1 of Act 124 provides: "That for the purposes of this Act a 'General Contractor' is defined to be any person, firm, partnership, co-partnership, association, corporation, or other organization, or any combination thereof, who for a fixed price, commission, fee or wage attempts to or submits a bid or bids to construct, or undertakes to construct, or assume charge of the construction, erection, alteration, repair, or have constructed, erected, altered or repaired, under his, their or its direction, any building, highway, sewer, grading, or any improvement or structure when the cost of the undertaking is Ten Thousand Dollars ($10,000) or more, and

one who shall engage in the construction or superintending the construction of any structure or any undertaking or improvements, as above mentioned, in the State of Arkansas, costing Ten Thousand Dollars ($10,000) or more, shall be deemed to have engaged in the business of general contracting in the State of Arkansas, provided that this definition shall not include architects or engineers, whose only financial interest in the projects shall be the architectural or engineering fees for preparing plans and specifications, surveys and supervision.''

The facts appear not to be in dispute and are, in effect, as brought out by appellant in his cross-examination of Lane and summarized, as follows: ''I am an engineer by training and experience and have been since 1921. I am in full-time employment of Jack Corgan and have been since June or July of last year. He pays me $112.50 per week. I devote full time to Jack Corgan's interests. I undertake no independent employment. I am on call for him at all times. I have engaged in the performance of services for Mr. Corgan on various building projects in Oklahoma and Texas and the theater job near Fort Smith. This is the only job I have had anything to do with in Arkansas. My duties on the Fort Smith theater job are to lay off the plot of ground, stake off the ramps and foundations and locations for the building and supervise the field work and the construction of the concrete work and see that it goes in accordance to specifications. Q. Is some of the work being done out there under subcontracts? A. Yes, sir, all of it I know of,—the plumbing, lighting, grading, surfacing, and Q decking of the buildings. Subcontractors deal with J. H. Wisdom. It is my duty to check the performance of those separate contractors. I see that the contractors perform their contract according to specifications. I have nothing to do with employment of labor. I have no authority to employ or discharge laborers or workmen. I have not employed or discharged any workmen. I have not paid any employees or workmen. I am not responsible for paying any of them. I furnish no material on the job. I have furnished no material on the job. Some material has been furnished by subcontractors. Wisdom and Corgan arranged

for the material. I did not arrange for any of the material. That is not part of my job. I ran the lines with a transit. I haven't any employees of my own. I just borrow one off the job when I need assistance. I check the performance of work by subcontractors alone. I have no interest in the partnership between Corgan and Wisdom. I am not an employee of the partnership. I have no capital invested in its future operation. I receive nothing extra for my work on this job. I have received $112.50 per week from Corgan for about five months. Before that it was $100. I was working at Tulsa, Oklahoma, when it was increased. I am the supervisor of the engineer phases of this construction job. I am qualified to read blueprints. I understand plans and specifications.''

As indicated, the trial court found that Lane was not engaged in the work of a general contractor within the definition of that term, as set out in § 1 of the Act, *supra*.

We think the court was correct in so holding.

''This court has uniformly held that, in the construction and interpretation of statutes, the intention of the Legislature is to be ascertained and given effect from the language of the act if that can be done. In doing this, each section is to be read in the light of every other section, and the object and purposes of the act are to be considered. *Miller* v. *Yell & Pope Bridge District,* 175 Ark. 314, 299 S. W. 15; and *Berry* v. *Cousart Bayou Drainage District,* 181 Ark. 974, 28 S. W. 2d 1060. The reason is that statutes are written to be understood by the people to whom they apply, and their words and phrases are considered and used in their plain and ordinary, as distinguished from their technical, meaning, where the language is plain and unambiguous. In such cases it is said that, where the intention of the Legislature is clear from the words used, there is no room for construction, and no excuse for adding to or changing the meaning of the language employed.'' *Berry* v. *Sale,* 184 Ark. 655, 43 S. W. 2d 225.

The following rule also applies here: ''By the weight of authority, statutes and ordinances imposing licenses

and business taxes are to be construed strictly in favor of the citizen and against the government, especially where they provide penalties for their violation. (21 Am. & Eng. Enc. of Law (2d Ed.), § 809), as in this case, and are not to be extended to persons or things not expressly within the grant of power (*Kiel* v. *City of Chicago*, 176 Ill. 137, 52 N. E. 29). *Ex Parte* Unger, 22 Okla. 755, 1 Okla. Crim. 222, 132 Am. St. Rep. 670, 98 Pac. 999, and in 53 C. J. S., § 13, p. 495, we find this language: "Statutes and ordinances imposing licenses and business taxes are generally to be construed liberally in favor of the citizen and strictly against the government, whether state or municipal, especially where they provide penalties for their violation. Accordingly, if the enactment is not clear and positive in its terms, or if it is reasonably open to different interpretations through the indefiniteness of its provisions, every doubt as to construction must be resolved in favor of the one against whom the enactment is sought to be applied."

A contractor is defined in 17 C. J. S., p. 334, § 11, in this language: "Contractor, in the law of building contracts, is one who contracts or covenants, whether with the government or other public body or with private parties, to construct works or erect buildings, at a certain price or rate, such as a paving contractor; specifically, one who contracts to perform work or supply articles on a large scale, at a certain price or rate, in building houses, or making a railroad." This definition is supported by the following footnote: "Contractor is ordinarily understood to be a person who undertakes to supply labor and materials for specific improvement under a contract with the owner. *Gallagher* v. *Campodonico*, 5 P. 2d 486, 121 Cal. App. Supp. 765."

In the present case, appellee was an employee devoting all of his time to the business of his employer at a salary of $112.50 per week. He had no other employment. He was superintending the construction of a theater building for the owners, his employers, without additional pay, on property held and controlled by them under the terms of a 30-year lease, and on which they

had the right to build. The theater building was being constructed under separate contracts let to others by the owners, in which appellee had no interest. Appellee hired or discharged no one. He paid for none of the materials used in the construction and was, in effect, no more than a general overseer, or superintendent, employed no doubt by reason of his qualifications and experience and was, in effect, no more than an employee or servant in the circumstances here.

In view of the nature of the work being performed by appellee here, we do not think that such employment brought him within the terms of the statute, *supra,* in the light of the above rules of construction, and definition of a "general contractor."

Accordingly, the decree is affirmed.