Paul Mallard, Director State Building Services Suite 700, 1515 W. 7th Little Rock, AR 72201
Dear Mr. Mallard:
This is in response to your request for an opinion on Ark. Stat. Ann. 14-613.
Your questions are as follows:
 (1) If the cost of the project exclusive of the cost of the land upon which the improvements are to be located exceeds $20,000.00, is it mandatory that the general contractor and all subcontractors required by the statute (a. Plumbing; b. Heating; c. Ventilating; d. Air Conditioning; e. Electric wiring and illuminating fixtures; and f. Roofing and sheet metal) have an Arkansas license regardless of the amount of the subcontractors' bids?
 (2) If a general contractor cannot obtain a bid from a licensed subcontractor, may he select an unlicensed subcontractor for any of the six specified areas?
 (3) May a general contractor holding a license classified as "Building" list his firm as the subcontractor for any of the six specified areas?
Section 14-613 was enacted as 3, Act 159 of 1949. It originally mandated separate specifications, bids and contracts for certain categories of construction work.
Act 193 of 1956 amended this section to require that as a condition precedent to submitting a bid, a general contractor shall first "offer an opportunity to Arkansas licensed and qualified mechanical and electrical contractors" in certain types of work to submit quotes for these subcontracts. The general contractor was required to name each subcontractor in his sealed bid and to award contracts to the named subcontractors. The stated purpose of the Act was to assist taxing units in obtaining the lowest possible construction work consistent with ability and responsibility.
Act 477 of 1961 amended this section to alter the method of identifying the subcontractor and its bid in the general contractor's sealed bid.
Act 871 of 1983 further amended this system to permit the general contractor, if qualified and licensed, to list himself to perform any or all of the specialty areas of work specified in that section. This section, as amended continues the requirement of offering bidding opportunities to licensed and qualified specialty contractors as well as restates the purpose of the law. The general contractor is permitted to change a subcontractor only if that named in his bid refuses in writing to perform, and several parties approve the change. The owner shall receive the benefit of any cost savings from another contractor.
Your first question addresses he apparent discrepancy between this section and Ark. Stat. Ann. 71-701 et seq. which provides for licensing of contractors. The former appears to apply to subcontractors when the general contract exceeds $20,000, while the latter requires that subcontractors be licensed only when the subcontract itself exceeds that amount. Thus, a subcontractor could perform a subcontract on a public building for less than $20,000 without a license if not for 14-613.
The stated purpose of obtaining the lowest cost consistent with ability and responsibility, considered with the requirement of offering bidding opportunities to licensed and qualified contractors and the contract be awarded to the named contractors based on their proposals, leads to the conclusion that the legislature's intent was to require the general contractor to choose between the responding licensed contractors. Determining and giving effect to that intent is the cardinal rule of statutory construction. Hice v. State, 268 Ark. 57, 593 S.W.2d 169 (1980). To construe the section so as to permit the general contractor to submit the name of an unlicensed contractor would render meaningless the language cited above. All language of an act must be given effect. Glover v. Henry, 231 Ark. 111, 328 S.W.2d 382
(1959). Accordingly, it is my opinion that Ark. Stat. Ann. 14-613 requires the general contractor to choose between those licensed and qualified contractors responding to his offer to bid.
The statute is not ambiguous, however, as to the general contractor. He is required to have a license if the project cost is over $20,000 and must be licensed and qualified in a specialty area in order to perform that task.
Your second question addresses the situation where there are no licensed contractors responding to the general contractor's solicitation of bids. We assume that the subcontract is less than $20,000 because 71-701 requires a license if the contract exceeds $20,000. Section 14-613 does not define what procedure must be followed to solicit bids from specialty subcontractors. It must be assumed that the legislature intended the general contractor make reasonable efforts to obtain bids from licensed subcontractors. It follows that the burden is upon the general contractor to establish the reasonableness of his method of soliciting bids and that no licensed contractors responded. At this point the issue becomes whether a contractor must have a license in order to subcontract on any project covered under this Act. The stated purpose of the statute is to obtain the lowest possible cost commensurate with ability and responsibility. Neither this stated purpose nor any other language in the act explicitly require a contractor's license for all subcontracts. It appears that the legislature intended that a licensed specialty contractor be required if available through reasonable solicitation but did not clearly address the use of unlicensed specialty contractors in such contracts when licensed contractors were not available. The statute merely requires that a licensed contractor be permitted to bid and be awarded a contract according to his proposal. An explicit requirement that all subcontractors be licensed would have been easily stated if that had been the intent. This ambiguity should be resolved in favor of the individual. Ark. State Licensing Board v. Lane, 214 Ark. 312,215 S.W.2d 707 (1948). Consequently, it appears that if a general contractor cannot obtain a bid from licensed specialty contractors, the general contractor can submit the name of an unlicensed contractor.
Your final question is whether a general contractor licensed as a "Building" contractor by the Contractors Licensing Board can list his own name for any of the six specialty areas in the statute. Pursuant to the classification system adopted by the Contractors Licensing Board, a contractor licensed under the category "Building" can perform sheet metal and roofing work. The "Building" license would not permit the general contractor to perform the remaining specialty areas. These remaining specialty areas fall under either "Mechanical" or "Electrical" contracting and require a specialty license.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Thomas S. Gay.