The Honorable Bobby G. Newman State Representative P.O. Box 52 Smackover, AR 71762
Dear Representative Newman:
This is in response to your request for an opinion concerning the exact limits of Arkansas law requiring the licensure of contractors. The letter you have enclosed asks seven specific questions taken from a hypothetical situation. The questions will be specifically answered below, in the order in which they are posed.
I. APPLICABLE LAW
As the letter you have enclosed indicates, the definition of "contractor" is found in Arkansas Code Annotated 17-22-101. The provision has undergone several revisions in recent years, and the effective version now appears in the 1987 supplement to the new Arkansas Code. The provision reads:
 (a) As used in this chapter, unless the context otherwise requires, "contractor" means any person, firm, partnership, co-partnership, association, corporation, or other organization, or any combination thereof, who for a fixed price, commission, fee, or wage, attempts to or submits a bid to construct, or contracts or undertakes to construct, or assumes charge, in a supervisory capacity or otherwise, or manages the construction, erection, alteration, or repair, or has or have constructed, erected, altered, or repaired under his, their, or its direction, any building, apartment, condominium, highway, sewer, utility, grading, or any other improvement or structure on public or private property for lease, rent, resale, public access, or similar purpose, except single-family residences, when the cost of the work to be done, or done, in the State of Arkansas by the contractor, including but not limited to, labor and materials is twenty thousand dollars ($20,000) or more.
 (b) However, the twenty thousand dollar ($20,000) exception shall not apply to any project of construction in which any of the construction work necessary to complete the project, except any in-progress change order, is divided into separate contracts of amounts less than twenty thousand dollars ($20,000), a purpose being to circumvent the provisions of this chapter.
The purpose of the statute, as discussed in Bird v. Pan Western Corp., 261 Ark. 56, 546 S.W.2d 417 (1977) is "to require contractors who desire to engage in certain types of construction work to meet certain standards of responsibility, such as experience, ability, financial condition etc. . . ." Bird, supra at 62. The first general distinction to be made in determining whether a person or entity comes within the definition revolves around the amount of supervision or "charge" the person or entity has over the project. The more supervision, the more an experienced and qualified contractor is needed to complete the job, and fulfill the purpose of the statute. A distinction is often drawn between contractors and mere employees of the owner. See Davidson v. Smith, 258 Ark. 969, 530 S.W.2d 356 (1975). The court will look to such factors as who supplies the materials, who the bills are sent to, and the degree of control and supervision retained by the owner. Mere employees of the owner are not "contractors" and are not subject to the requirements of the statute. Arkansas State Licensing Board for General Contractors v. Lane, 214 Ark. 312, 215 S.W.2d 707 (1948). Another distinction made in determining who falls under the definition is that of contractor versus subcontractor. It is clear from the Bird decision that subcontractors are included within the statutory definition, at least if they exercise a requisite degree of supervision over the subcontract. What is left a little unclear by Bird, and what is arguably undecided in Arkansas Contractors Licensing Board v. Butler, 295 Ark. 223 748 S.W.2d 129 (1988) is whether the criteria for the twenty thousand dollar limitation, as applied to subcontractors, means the overall cost of the project, or the overall cost of the subcontractor's area of responsibility on the project. The statute itself, and the facts of the Bird case seem to indicate the latter, while the broad language of Butler indicates the former. Although Butler represents the most recent pronouncement of the law, more reasoned statutory analysis supports the conclusion that if subcontractors are "contractors" under the statute, as regards their "contract", then the twenty thousand dollar limitation should apply equally to them and their "contract." Thus "subcontractors" are required under law to be licensed if they engage in subcontracts, including labor and materials in excess of twenty thousand dollars. This conclusion is consistent with Attorney General Opinion Number 86-320, which I have enclosed. It should be noted that Op. No. 86-320 also discussed Ark. Stat. Ann. 14-613, (now codified as A.C.A.22-9-204), which requires general contractors engaged in the construction of public works to give Arkansas licensed mechanical, electrical, roofing and sheet metal contractors first opportunity to submit bids for the subcontracts. However, Opinion No. 86-320, and the enclosed informal opinion dated May 29, 1980, do not opine that all subcontractors submitting bids for public projects in excess of $20,000, but whose individual subcontracts are less than $20,000, be licensed Arkansas contractors.
One other fact should be noted before your specific questions are answered, and that is that the statute only applies to contractors who contract "for a fixed price, commission, fee, or wage." It may reasonably be concluded that this condition would ordinarily exclude persons who work for a contractor or owner at an hourly wage. See Western Arkansas Telephone Co. v. Cotton, 259 Ark. 216,532 S.W.2d 414 (1976). Whether in a particular instance, an individual does in fact work for an hourly wage is a question of fact to be determined in the first instance by the Board.
II. ANSWERS TO QUESTIONS 1-7
The specific questions posed involve six parties: A, a licensed general contractor; B, a licensed master plumber; C, a licensed master electrician; D, a carpet layer; E, a bricklayer; and F, a wallpaper hanger. I will assume that the project in your hypothetical is in excess of $20,000, and is not a single family residence as defined under regulations issued by the Contractors Licensing Board ("Board").
QUESTION 1: Can B work for A at an hourly rate, if his compensation on the project will not exceed $20,000?
ANSWER: There is nothing in 17-22-101 to prevent A from employing B at an hourly rate, and from B accepting such employment, although other factors could be considered by the Board in determining whether B must be licensed.
QUESTION 2: Must B be a licensed contractor?
ANSWER: Arkansas Code Annotated 17-22-101 defines a "contractor" as someone who works for a "fixed price, commission, fee, or wage." B's employment by A at an hourly rate supports the conclusion that B does not all within this definition. Accordingly, licensure of B would not be required. It should be noted, however, that if a purpose of B being employed at an hourly rate is to circumvent he requirement of licensure, where licensure would otherwise be required, and B is in effect a "subcontractor" of the plumbing work, a license may or may not be required. While the statute itself, and no existing case prohibits this circumvention, the statute does prohibit circumvention by other means, and a court of proper jurisdiction could achieve the same result. The particular facts of each case must therefore be considered.
QUESTION 3: Can C work for A at an hourly rate if his compensation will not exceed $20,000?
QUESTION 4: Must C be a Licensed contractor?
ANSWERS: Because B and C are similarly situated, the only difference being that one is a plumber and one an electrician, the answers to questions 3 and 4 are identical to the answers to questions 1 and 2 above.
QUESTION 5: D agrees to install $15,000 worth of carpet, furnished by A, for a contract price of $7,000. Must D be a licensed contractor?
ANSWER: The answer to question 5 will depend upon whether D is an employee of A, or a subcontractor. If D is merely A's employee, no license is required. The fact that A is to furnish the material weighs in favor of D being an employee. If D is a true subcontractor, under the factors enunciated in Bird, a license is required because D is to work for a fixed price, and the cost of his subcontracting "project", not just his compensation (according to Butler) exceeds $20,000.
QUESTION 6: Must E be a licensed contractor if he agrees to lay brick for $200 per thousand, will not receive more than $20,000 for his labor, but the cost of the brick furnished by A, and E's labor will exceed $20,000?
ANSWER: The answer to Question 6 is almost identical to the answer to question five because D. and E are similarly situated, the only difference being that E has a better argument that he is not working for a "fixed price, commission, fee, or wage," and therefore does not come under the statute which requires a license.
QUESTION : If F agrees to hand wallpaper, furnished by A, and the total cost of the wallpaper and F's labor will not exceed $20,000, must F be a licensed contractor?
ANSWER: Again, F is likely an employee because he is not furnishing the materials, although other factors may be reviewed to determine F's true status. See discussion, supra; Bird v. Pan Western Corp., supra. Even if F were a subcontractor, he would most likely not require a license because the cost of his total "subcontract" does not exceed $20,000.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General, Elana L. Cunningham.