George WILCOX d/b/a George Wilcox Construction Company *v.* William SAFLEY, Sr., d/b/a SAFLEY CONSTRUCTION COMPANY and American States Insurance Company

89-42 766 S.W.2d 12

Supreme Court of Arkansas
Opinion delivered March 6, 1989
[Supplemental Opinion on Denial of Rehearing
April 24, 1989.]

*Howell, Price, Trice, Basham & Hope, P.A.,* by: *Carey E. Basham* and *Max Howell,* for appellant.

*L. David Stubbs,* for appellee.

JACK HOLT, JR., Chief Justice. This appeal involves the interpretation of Ark. Code Ann. § 17-22-101 (Supp. 1987).

Jurisdiction is pursuant to Ark. Sup. Ct. R. 29(1)(c).

In 1982 appellee William Safley d/b/a Safley Construction Company was awarded a contract as the prime contractor for the construction of a sewer system in Faulkner County, known as the "Mayflower Wastewater Collection System." Construction of the system required that the serviced area be dug up, lines installed, and trenches backfilled and graded level.

Appellant George Wilcox d/b/a George Wilcox Construction Company orally agreed with Safley to provide bermuda sod on a per yard basis for the job and place it on areas disturbed in the construction of the system. The agreed price was $2.32 per square yard of sod based upon an estimated need of 33,000.00 square yards.

At various intervals, Wilcox and his employees placed 34,015.58 square yards of sod on the job site. In addition, they did a small amount of seeding and sprigging. Wilcox received partial payment of $22,895.86 for this work; however, Safley refused to pay the balance due. Wilcox then filed suit against Safley for $31,556.31 — the balance due. Safley denied liability for this sum on the grounds that Wilcox was not a licensed contractor and, therefore, was not entitled to bring an action to recover the sum due under Ark. Code Ann. § 17-22-103 (Supp. 1987). Wilcox stipulated at trial that he was not licensed but alleged that he was not a contractor and, therefore, not required to be licensed. The trial court found that the failure of Wilcox to be licensed precluded him from maintaining an action to recover the balance due and entered judgment for Safley and American States Insurance Company. From this order, Wilcox appeals.

For reversal, Wilcox contends that the trial court erred in finding he was a contractor and, therefore, prohibited from maintaining an action. We agree and reverse and remand for proceedings consistent with this opinion.

Ark. Code Ann. § 17-22-101 (Supp. 1987) provides in pertinent part as follows:

> (a) As used in this chapter, unless the context otherwise requires, "contractor" means any person, firm, partnership, copartnership, association, corporation, or other organization, or any combination thereof, who, for a fixed

price, commission, fee, or wage, attempts to or submits a bid to construct, or contracts or undertakes to construct, or assumes charge, in a supervisory capacity or otherwise, or manages the construction, erection, alteration, or repair, or has or have constructed, erected, or repaired, under his, their, or its direction, any building, apartment, condominium, highway, sewer, utility, grading, or any other improvement or structure on public or private property for lease, rent, resale, public access, or similar purpose, except single-family residences, when the cost of the work to be done, or done, in the State of Arkansas by the contractor, including, but not limited to, labor and materials, is twenty thousand dollars ($20,000) or more.

Ark. Code Ann. § 17-22-103(a)(1) (Supp. 1987) provides in relevant part that any contractor who engages in the business of contracting without first having procured a license "shall be deemed guilty of a misdemeanor and shall be liable for a fine of not less than one hundred dollars ($100) nor more than two hundred dollars ($200) for each offense, with each day to constitute a separate offense." In addition, Ark. Code Ann. § 17-22-103(d) provides that "[n]o action may be brought either at law or in equity to enforce any provision of any contract entered into in violation of this chapter."

 Code provisions imposing penalties for noncompliance with licensing requirements, such as §§ 17-22-101 and 17-22-103, must be strictly construed. *Bird* v. *Pan Western Corp.*, 261 Ark. 56, 546 S.W.2d 417 (1977); *Davidson* v. *Smith*, 258 Ark. 969, 530 S.W.2d 356 (1975); *Arkansas State Licensing Board for General Contractors* v. *Lane*, 214 Ark. 312, 215 S.W.2d 707 (1948). Accordingly, if the language of such provisions is not clear and positive, or if it is reasonably open to different interpretations, every doubt as to construction must be resolved in favor of the one against whom the enactment is sought to be applied. *Id.* Where a provision is clear and unambiguous, the intention of the legislature must be determined from the plain meaning of the language of the provision. *Klinger* v. *City of Fayetteville*, 293 Ark. 128, 732 S.W.2d 859 (1987); *Hinchey* v. *Thomasson*, 292 Ark. 1, 727 S.W.2d 836 (1987).

 The language of § 17-22-101(a) is not clear and

unambiguous. Under § 17-22-101(a), a contractor is a person who attempts to or submits a bid to construct, contracts or undertakes to construct, or manages the construction, erection, alteration, or repair of a building, apartment, condominium, highway, sewer, utility, grading, or any other improvement. In narrowly construing this language, we conclude that it is reasonably open to different interpretations, particularly when we examine the actions of Wilcox in sodding, sprigging, and seeding the land in question. These activities do not fall within the definition of construction, erection, alteration, or repair. Resolving doubt in his favor, which we must do, we find that Wilcox was not a contractor for purposes of § 17-22-101(a) and is entitled to maintain an action to recover his losses.

Reversed and remanded.

DUDLEY and NEWBERN, JJ., dissent.

DAVID NEWBERN, Justice, dissenting. The majority opinion correctly states that we do not indulge in statutory interpretation when the meaning of the words used in the statute under consideration is clear. The statute, Ark. Code Ann. § 17-22-101 (Supp. 1987), defines "contractor" as, among others, one "who, for a fixed price . . . undertakes to . . . repair . . . any . . . grading. . . ." Contrary to the majority of the members of the court, I do not find these words to be ambiguous.

The first definition of the verb "repair" found in Webster's Third New International Dictionary (Unabridged, 1968) is, "to restore by replacing a part or putting together what is torn or broken." The same dictionary notes that the word "grading" is the gerund of "grade." The third definition of the verb "grade" is "to reduce (as the line of a canal or roadbed) to an even grade whether on the level or in a progressive ascent or descent." The third definition of the noun "grade" includes the following: "c. : level or elevation esp. of a land or water surface; as (1): a datum or reference level (2) : the contemplated level of the ground when the work or erecting a building is completed: ground level. . . ." The Random House Dictionary of the English Language (Unabridged, 1970) includes among the definitions of "grade" the following: *"Building Trades.* [T]he ground level around a building."

The majority opinion declares the statute to be ambiguous, but it does not say how or why. The opinion notes that the statute is subject to varying interpretations but does not say what they are. Given the dictionary definitions of the words used, it seems clear to me that the statute applies to one who contracts to replace damaged sod on ground torn up in a sewer project. Wilcox was repairing a grading. The only explanation given by the majority opinion is that "the actions of Wilcox in sodding, sprigging, and seeding the land . . . do not fall within the definition of . . . repair." I suspect that the reason no authority whatever is cited for that conclusion is that none exists. Therefore, I respectfully dissent.

DUDLEY, J., joins this opinion.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
### APRIL 24, 1989

771 S.W.2d 741

*Howell, Price, Trice, Basham & Hope, P.A.,* by: *Carey E. Basham,* for appellant.

*L. David Stubbs,* for appellee.

JACK HOLT, JR., Chief Justice. On rehearing, Safley contends our decision effectively overrules *Bird* v. *Pan Western Corporation,* 261 Ark. 56, 546 S.W.2d 417 (1977). In support of this contention he states as follows:

In *Bird,* this court found that the legislative intent of the wording of the statute in question was meant to broaden,

rather than narrow, the application of the statute. This court, however, declares that it must now narrowly construe the language of the statute.

In *Bird*, we addressed the issues of whether a person must contract with an owner or assume charge in a supervisory capacity to be considered a "contractor" under § 71-701 (Supp. 1975) (currently § 17-22-101). In reaching our decision, we first recognized that licensing statutes such as § 71-701 are to be strictly construed. We then held that because the legislature substituted the term "contractor" for "general contractor" and inserted the words "in a supervisory capacity or otherwise," its intent was to broaden the application of the act so its application would not necessarily be limited to one who contracted with an owner or one who assumed charge in a supervisory capacity.

■ Whereas *Bird* recognized that the legislature broadened the application of our statute by inserting and substituting certain words in the statute, it did not change our long-standing rule that language contained in licensing statutes must be strictly construed. *See Arkansas State Licensing Board for General Contractors* v. *Lane*, 214 Ark. 312, 215 S.W.2d 707 (1948).

Petition denied.