The Honorable Steve Bell State Senator P.O. Box 4282 Batesville, AR 72503
Dear Senator Bell:
This is in response to your request for an opinion on the following questions:
 1. Does A.C.A. 14-40-1202(a)(2) mean that each city is to select judges and clerks to serve at all polling places within both cities, or that each city is to select judges and clerks to serve at the polling places in each respective city?
 2. Although A.C.A. 14-40-1202(a)(2) provides that the mayor and city council shall select the judges and clerks for each of the wards, etc., would it be proper to have the County Election Commission conduct the election and select the judges and clerks under the laws governing special elections in the State of Arkansas?
It is my opinion, in response to your first question, that each city is to select judges and clerks to serve in the polling places in its city; that is, under the particular facts in this instance, Diaz will select those for Diaz, and Newport will select those for Newport. This conclusion is based upon the language of A.C.A. 14-40-1202, which is part of the body of law, codified at A.C.A. 14-40-1201 et seq., governing special elections on the question of annexation or consolidation of adjoining or contiguous municipal corporations. Section 14-40-1202(a)(2) states as follows:
 The court shall appoint one (1) judge and one (1) clerk in each ward or other division of each municipal corporation, and the mayor and city of each of the municipal corporations shall select two (2) judges and one (1) clerk for each of the wards or other divisions having the qualifications of electors, to act as judges and clerks of election within the respective wards.
The reference in 14-40-1202(a)(2) to the "respective wards" offers evidence of legislative intent for the judges and clerks to be selected by each city for that city, and not jointly. The judges and clerks act "within the respective wards." They do not act for the cities jointly. This language suggests that the legislature did not intend for the cities to select these election officers for service at all polling places, with no distinction between each city's wards. The contention that one city should be involved in the selection of judges and clerks who will serve in the other city's polling places is not supported by the plain language of 14-40-1202(a)(2).
It is also significant to note in this regard that an election is to be held "in each corporation" (A.C.A.14-40-1202(b)(1), and that annexation or consolidation will be ordered only "[i]f a majority of the votes cast in each of the respective municipalities, considered as a separate and distinct unit and without reference to the vote cast in the other . . ." shall be in favor of the consolidation or annexation. A.C.A. 14-40-1203(b)(1)(A). (Emphasis added.) The legislature thus clearly intended for the elections to be conducted separately, further compelling the conclusion that each city should select its own judges and clerks.
The answer to your second question is, in my opinion, "no." Legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Wilcox v. Safley Constr. Co., 298 Ark. 159
(1989). Section 14-40-1202(a)(2) is clear and unambiguous in mandating the selection of judges and clerks by the mayor and city council of each municipal corporation. Laws governing elections for cities or incorporated towns, and laws relating to general elections, will apply "so far as they are applicable." See A.C.A. 14-40-1202(b)(1) and (b)(2)(B)(i).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:arb