The Honorable Stephen W. Luelf State Senator 521 W. Wade, P.O. Drawer 447 Mountain Home, Arkansas 72653
Dear Senator Luelf:
This is in response to your request for an opinion on two questions concerning the service of a county quorum court member as a court-appointed attorney to represent indigents in circuit, chancery, municipal, probate or juvenile court. Your first question specifically is whether the quorum court member may lawfully be paid for services as a court appointed attorney from county general funds or other funds. You mention specifically the prohibition against quorum court members doing business with the county.
You have also asked whether a quorum court member, (also an attorney) can act as a court appointed attorney or public defender and receive compensation therefor in a different county than the one in which he or she is a quorum court member.
For the reasons that follow, it is my opinion that there is no prohibition against the conduct described in either of your questions.
The applicable statutory provision is A.C.A. 14-14-1202 (Supp. 1989), which provides in pertinent part as follows:
 (c)(1) RULES OF CONDUCT. No officer or employee of county government shall:
 (A) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county. . . .
In the situation you describe, the quorum court member/court appointed attorney would receive payment for legal services in one of two ways. The attorney would receive payment either from a fund established pursuant to A.C.A. 14-20-102 (Supp. 1989), (which is made up of collected court costs), or would be paid from the county general fund under A.C.A. 16-92-108 (c)(1). The question for resolution is whether the quorum court member's receipt of these funds is contrary to A.C.A.14-14-1202, above. It is my opinion that in either instance it is not.
The statute prohibits an officer of county government from being interested in any "contract or transaction" of a county, or from accepting or receiving any "property . . . money, or other valuable thing . . . on account of, connected with, or growing out of any contract or transaction of a county." It is my opinion that this language is not quite broad enough to cover the situation you describe. Here, the county has not entered into any contract or transaction. It is merely required by statute to fund the legal defense of indigents, whether through the county general fund, or through a court cost fund created under 14-20-102 (Supp. 1989). The absence of a conflict of interest becomes more apparent when it is recognized that the quorum court takes no part in deciding which local attorneys are appointed in certain cases. This responsibility is left entirely with the courts. Moreover, it is my opinion that A.C.A. 14-14-1202, as a penal statute, should be construed strictly and all doubts resolved in favor of the accused Bennett v. State, 252 Ark. 128,477 S.W.2d 497 (1972), citing Shepherd v. State, Construction Co., 298 Ark. 159, 766 S.W.2d 12 (1989).
While it is my opinion that the statute is not necessarily violated by the conduct you describe, it should be borne in mind that 14-14-1202 also provides that:
 [An] officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
Whether the quorum court member has, under the circumstances you describe, violated this provision is a factual matter which must be determined from all of the evidence presented.
Finally, you have noted that the "separation of powers" doctrine may have some applicability to this situation due to the fact that appointment is made by the judicial branch with court-ordered payment made by the legislative branch. It is my opinion that the "separation of powers" doctrine found at Arkansas Constitution, Art. 4, 111 and 2 is not violated in this instance. Section two of Article four of our constitution states that "No person . . . being one of [the three] departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted." Here, the quorum court member is not exercising any power of the judicial branch of government, and thus the provision is not violated.
In response to your second question, it is my opinion that no provision of law prohibits a quorum court member from being paid as a court-appointed attorney in another county. In addition to the reasons advanced in response to Question 1, Section 14-14-1202 speaks in terms of contracts and transactions of "the county".
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.