Mr. Ernest N. Westfall, Sr. Chairman, Arkansas Real Estate Commission 612 Summit Street Little Rock, AR 72201-4740
Dear Mr. Westfall:
This is in response to Executive Secretary Roy L. Bilheimer's request for an opinion regarding Act 1110 of 1991, which is entitled "The Disbursement of Funds as Part of Real Estate Closing and Settlement Services Act," to be codified at A.C.A. §18-12-701 to -703. The question posed involves a situation in which a real estate broker is collecting monthly note payments and remitting those payments to the mortgagee in connection with a 1989 real estate transaction. Your specific question is as follows:
 Are such collection activities `closing and settlement services' so that Act 1110 requires the broker to delay forwarding payment to the mortgagee until the funds received by the broker for the note payments are `available as a matter of right?'
It is my opinion that while the answer to this question is by no means clear from a reading of Act 1110, the act in all likelihood was not intended to apply in this situation. It is therefore my opinion that the answer to your question is "no."
Act 1110 places restrictions on the disbursement of funds in connection with "closing and settlement services for a real estate transaction. . . ." A.C.A. § 18-12-703(a). Funds cannot be disbursed until they "have been received and are available as a matter of right" from the financial institution in which deposited. Id. "Closing and settlement services" are defined under the act as:
 . . . those services which benefit the parties to the sale, lease, encumbrance, mortgage or creation of a secured interest in and to real property, and the receipt and disbursement of money in connection with any sale, lease, encumbrance, mortgage or deed of trust.
A.C.A. § 18-12-702(1).
This definition is arguably broader than the usual concept of those services that are typically part of a "closing" and "settlement." And, of course, it must be recognized that the ordinary and generally accepted meaning of words used in a statute will yield to the meaning intended by the General Assembly when it is clear from the context of the act that a different meaning is intended. City of Fort Smith v. Hairston,196 Ark. 1005, 120 S.W.2d 689 (1938). Specific definitions will, therefore, ordinarily be controlling, regardless of the usual and ordinary meaning. Bird v. Pan Western Corp., 261 Ark. 56,546 S.W.2d 417 (1977).
It is not clear, however, in this instance that the General Assembly intended for the act's broad definition of "closing and settlement services" to alone be controlling. While it can certainly be said under the facts at hand that money is being received and disbursed "in connection with [a] . . . mortgage," and that the services of the broker "benefit the parties to the . . . mortgage" (A.C.A. § 18-12-702(1)), when read as a whole Act 1110 suggests a narrower interpretation. Subsection (a) of §18-12-703 makes it clear that the act's focus is upon those services that are provided "for a real estate transaction. . . ." An exception to the disbursement limitation is provided under that subsection as follows:
 Provided, however, the person . . . or other entity providing closing and settlement services may advance funds, not to exceed five hundred dollars ($500), on behalf of interested parties for the transaction, to pay incidental fees and charges pertaining to the closing and settlement of the transaction. [Emphasis added.]
In my opinion, the above emphasized language belies the assertion that the General Assembly intended for the act to encompass services such as those involving subsequent payments on an installment purchase. Rather, it may be successfully contended that "closing and settlement" occurs with the transfer of a real estate interest, and not merely with any subsequent payments made in connection with that transfer. A court would, in my opinion, be reluctant to conclude that the subsequent collection services in this instance constitute "closing and settlement services" under the act, particularly in light of the Class A misdemeanor penalty imposed under § 18-12-703(b). It is a well-established maxim that penal provisions will be strictly construed, and that nothing will be taken as intended which is not clearly expressed.Bennett v. State, 252 Ark. 128, 477 S.W.2d 497 (1972). All doubts must be resolved in favor of the defendant. Wilcox v.Safley, 298 Ark. 159, 766 S.W.2d 12 (1989). These precepts compel the conclusion that the answer to your question is "no."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh