The Honorable Jim Roberts State Representative P.O. Box 692 Trumann, AR 72472
Dear Representative Roberts:
This is in response to your request for an opinion regarding Act 325 of 1983, which is codified at A.C.A. §§ 17-26-201 — 17-26-312
(1987 and Cum. Supp. 1991). You state that it is your understanding that the Governor is required to appoint a board member from a list of persons submitted by the licensed embalmers and funeral directors, and you have asked if you are correct in this interpretation.
Your interpretation is, as a general matter, correct with regard to successor board members. Section 17-26-201(b)(1)(A) states:
 Five (5) members of the board shall be embalmers and funeral directors licensed under subchapter 3 of this chapter who shall have had at least five (5) consecutive years of active experience as an embalmer or funeral director in Arkansas immediately preceding appointment. The Governor shall appoint members to the board from three (3) nominees submitted by the licensed embalmers and funeral directors. In the event no nominations are submitted to the Governor by July 1 of any year in which an appointment is to be made, the Governor may make the appointment, provided that the appointee meets the other requirements for board membership.
While questions regarding the validity of any specific appointment would require a case-by-case review, it appears that as a general matter, successor members are to be appointed by the Governor from a list of three nominees submitted by the licensed embalmers and funeral directors. See Section 1 of Act 325 of 1983.
With regard, however, to vacancies caused by death, resignation, or removal before the expiration of the term, subsection (d) of §17-26-201 must be considered wherein it states:
 The Governor may remove any member of the board for incompetence or improper conduct. Vacancies caused by death, resignation, or removal before the expiration of term shall be filled by the Governor for the remainder of the term.
It is well established that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Wilcox v. Safley Constr. Co., 298 Ark. 159,766 S.W.2d 12 (1989). This precept compels the conclusion that the Governor is not required to fill a vacancy from a submitted list of nominees. The legislature could easily have included this requirement under subsection (d) of § 17-26-201, had it so intended.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh