The Honorable Barbara Horn State Representative Post Office Box 64 Foreman, Arkansas 71836-0064
Dear Representative Horn:
This is in response to your request for an opinion on the following questions:
 1) How does A.C.A. § 21-8-304(a) apply to a school district board member who uses his position to give employment or salary increases, not available to others, to his spouse?
 2) Does A.C.A. § 21-8-304(a) apply in any manner to candidates for school district board in the annual school election if their spouses are under employment contracts in their district for the current year?
 3) In what manner does A.C.A. § 21-8-304(a) apply to special exemptions not available to others in a school board's" free admission policy to athletic contests" which names board members and their spouses as beneficiaries?
 4) How should the requirement of a 12 month contract for vocational agriculture teachers in public high schools, mandated in A.C.A. § 6-17-802, be interpreted? Is it twelve calendar months with proper vacation allotment, twelve months of 20 days each, or some other implementation?
Arkansas Code Annotated § 21-8-304(a), the subject of your first three questions, states:
 No public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship, that is not available to others, except as may be otherwise provided by law.
This office has most recently addressed A.C.A. § 21-8-304(a) in Op. Att'y Gen. No. 93-344, a copy of which is enclosed. There, citing two previous opinions (also enclosed), I concluded that the statute should not be construed as prohibiting the hiring of a relative by a school district board member since employment would not, as a general matter, constitute a "special privilege or exemption." It was my opinion, however, that such employment could violate the statute if it contravened customary hiring procedures or if the person was not qualified for the position. Similarly, the raising of a spouse's salary would invoke the prohibitions of A.C.A. § 21-8-304(a) if customary procedures and practices for doing so were not followed. These are factual determinations that must be made on a case-by-case basis. Therefore, with regard to your first question, it is my opinion that the statute does not prohibit a school board member from hiring his or her spouse or from raising his or her salary; however, such practices should not deviate from established policy and procedures applied to all other similarly situated employees.
With regard to your second question, I assume you are inquiring as to whether it is permissible, under A.C.A. § 21-8-304(a), to seek or to occupy a position on a district school board in the same district that currently employs one's spouse. Again, and as discussed in the enclosed previous opinions, this statute should not be construed as a general nepotism provision. A review of other statutes specifically prohibiting nepotism are inapplicable since they do not involve the relatives of district school board members. See statutes cited in Op. Att'y Gen. 93-344. Arkansas Code Annotated § 21-8-304(a) therefore does not, in my opinion, prohibit the situation just described.
The answer to your third question would again require an examination of all the facts. While the term "special privileges and exemptions" could be construed to encompass free admission to athletic events for board members and their spouses, I believe a strong argument can be made that attendance at such events is not a "privilege" but a part of the board member's job, as it enables the board members to more knowledgeably perform their duties as they relate to overseeing the activities of the school district. It should be noted that since A.C.A. § 21-8-304(a) carries a penal provision, it must be strictly construed. Every doubt as to construction must be resolved in favor of the one against whom the enactment is sought to be applied. Wilcox v. Safley,298 Ark. 159, 766 S.W.2d 12 (1989).
Finally, you request an opinion on the interpretation of A.C.A. §6-17-802, which states:
 All public high schools in this state which offer vocational agriculture training shall, beginning with the next school year, contract with the vocational agriculture teachers on a twelve-month basis.
Specifically, you appear to be inquiring as to how contracts with agriculture teachers are to be performed; i.e., what type of work and payment schedules should be followed. In my opinion, the statute requires only that agriculture teachers are to be hired, and therefore paid, for a twelve-month term of employment. The implementation of their work and payment schedules, however, lie within the power and jurisdiction of each individual district school board. See A.C.A. §§ 6-13-620(4)(A) (D), 6-17-201 and6-17-204. Therefore, if adopted by the district school board, either plan mentioned in your question would probably be an acceptable interpretation of the statute.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB:SLJ/cyh
Enclosures