The Honorable Marian D. Owens State Representative P.O. Box 449 Warren, AR 71671-0449
Dear Representative Owens:
This is in response to your request for an opinion regarding payment to law enforcement officers for unused accumulated sick leave, which is governed by A.C.A. § 14-52-107 (1987). Your question pertains to a former police officer in Warren, Arkansas who left the department after ten years of service. He contends that he is retired and is entitled to be paid for sixty days of unused accrued sick leave. You state that he will not be eligible to draw retirement benefits until age fifty-five.[1]
You have asked the following specific questions in this regard:
1. What does the term "retirement" mean under Arkansas law?
 2. Is the former Warren police officer entitled to receive pay for the sixty days of unused accrued sick leave? If not now, will he be eligible to receive the pay when he begins drawing retirement benefits?
With regard to your first question, the term "retirement" is not defined in A.C.A. § 24-10-101 et seq. or in A.C.A. § 14-52-107 (governing uniform sick leave). This office cannot legislate a definition. The term "retirant" is defined, however, in § 24-10-102(20) (Repl. 1992), as "a former member receiving a plan annuity by reason of having been a member." Thus, it may reasonably be concluded that as a general matter the term "retirement" contemplates separation from employment and receipt of annuity benefits.
In any event, for purposes of your specific inquiry in this instance, it seems clear that "retirement" is distinguishable from termination of employment before reaching normal retirement age. The provision for payment of unused sick leave status in relevant part that:
 [i]f, at the end of his term of service, upon retirement or death whichever occurs first, any police officer has unused accumulated sick leave, he shall be paid for this sick leave at the regular rate of pay in effect at the time of retirement or death.
A.C.A. § 14-52-107(c) (1987) (emphasis added).
It seems clear from the above language that the term of service must end upon either retirement or death in order for an officer to receive payment under § 14-52-107 for any accrued sick leave. The phrase "upon retirement or death . . ." must, under established rules of statutory construction, be construed to refer back to the preceding clause, i.e., "the end of his term of service." See 82 C.J.S. Statutes § 334 (1953) (regarding the general rule known as the doctrine of the "last antecedent.") Termination of service under any circumstances other than retirement or death will not, in my opinion, trigger this provision. See, e.g., Op. Att'y Gen.92-343 (concluding that § 14-52-107 does not require payment for unused accumulated sick leave upon an officer's resignation).
It is therefore my opinion that the answer to the first part of your second question is "no." This individual's term of service did not end "upon retirement." Rather, he terminated covered employment before attaining his normal retirement age. See A.C.A. § 24-10-611 (Repl. 1992). He will, of course, be entitled to an annuity upon satisfying all of the conditions set out in § 24-10-611. Included within these stated conditions is the requirement that he make "written application for retirement. . . ." A.C.A. § 24-10-611(a)(4). This provision further compels the conclusion that he has not retired, and that his term of service did not end "upon retirement" as required in § 14-52-107(c).Compare A.C.A. §§ 24-10-604 (Repl. 1992) (voluntary retirement), 24-10-605
(Repl. 1992) (compulsory retirement), 24-10-606 (Repl. 1992) (early retirement), and 24-10-607 (Supp. 1993) (disability retirement).
It is my opinion that the answer to the second part of your second question is also "no." The condition imposed under § 14-52-107 for receipt of this sick leave pay is that the officer's term of service must have ended "upon retirement or death." The statute is clear and unambiguous in this regard. Legislative intent must therefore be discerned from the language employed. See generally Wilcox v. Safley,298 Ark. 159, 766 S.W.2d 12 (1989). It must be concluded in this instance that the officer's termination of employment does not meet the requirements of § 14-52-107(c).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] I assume, based upon the stated facts, that this individual is covered under the Arkansas Local Police and Fire Retirement System. See
A.C.A. § 24-10-101 et seq. (Repl. 1992 and Supp. 1993). It should be noted in this regard that because he has fewer than twenty (20) years of credited service, his "normal retirement age" is sixty (60). See A.C.A. § 24-10-102(17) (Repl. 1992).