The Honorable Pat Bond State Representative 2601 T.P. White Drive Jacksonville, AR 72076-2559
The Honorable Randy Minton State Representative 880 Minton Road Ward, AR 72176
Dear Representatives Bond and Minton:
This letter is in response to your request for an opinion on the following question:
 When a person or entity acts as a contractor in the construction, erection, alteration or repair of his own or its own property, are the individuals or entities supplying labor and materials for the privately funded project subject to the $20,000 limitation set forth in A.C.A. § 17-25-10(a)?
RESPONSE: Yes.
A.C.A. § 17-25-101(a) provides:
 As used in this chapter, unless the context otherwise requires," contractor" means any person, firm, partnership, copartnership, association, corporation, or other organization, or any combination thereof, who, for a fixed price, commission, fee, or wage, attempts to or submits a bid to construct, or contracts or undertakes to construct, or assumes charge, in a supervisory capacity or otherwise, or manages the construction, erection, alteration, or repair, or has or have constructed, erected, altered, or repaired, under his, their, or its direction, any building, apartment, condominium, highway, sewer, utility, grading, or any other improvement or structure on public or private property for lease, rent, resale, public access, or similar purpose, except single-family residences, when the cost of the work to be done, or done, in the State of Arkansas by the contractor, including, but not limited to, labor and materials, is twenty thousand dollars ($20,000) or more. However, when a person or entity acts as a contractor in the construction, erection, alteration, or repair of his own or its own property, such action shall not result in the person or entity being required to obtain a license, but the person or entity must comply with all other provisions of this subchapter.
This statute provides that a contractor must be licensed to perform any construction for which the cost of labor and materials exceeds $20,000 unless (a) the construction is of a single-family residence or (b) the construction occurs on the contractor's own property. You have asked whether subcontractors are subject to the licensing requirement when the general contractor owns the project site and hence is himself exempt from the licensure requirement.
In Brimer v. Arkansas Contractors Licensing, 312 Ark. 401, 405,849 S.W.2d 948 (1993), the Supreme Court set forth the following standard for statutory construction:
 Our rule of interpreting statutory language is that we construe a statute just as it reads, giving words their ordinary and usually accepted meaning in common language. City of Hot Springs v. Vapors Theatre Restaurant, Inc., 298 Ark. 444, 769 S.W.2d 1 (1989). The language in licensing statutes must be strictly construed. Wilcox v. Safley, 298 Ark. 159, 766 S.W.2d 12 (1989).
The statute is unambiguous in imposing a license requirement upon "any person, firm, partnership, copartnership, association, corporation, or other organization, or any combination thereof . . . who, for a fixed price, commission, fee, or wage, . . . undertakes to construct" improvements exceeding $20,000 in value on any of the itemized properties. The statute does not distinguish between general contractors and subcontractors, and nothing in the language just quoted supports the conclusion that subcontractors might be exempt from the license requirement merely because the contractor/owner is exempt.
The applicability of the statute to subcontractors was established beyond question in Bird v. Pan Western Corp., 261 Ark. 56, 62, 546 S.W.2d 417
(1989), in which the Supreme Court offered the following reading of the materially indistinguishable predecessor statute:
 The cases cited by appellant cannot be read to support the position that subcontracting for construction of a portion of a building or of an integral part thereof is not included in the general term "construction" as used in the act. Neither can the statute be so construed. The obvious purpose of the act is to require contractors who desire to engage in certain types of construction work to meet certain standards of responsibility, such as experience, ability, financial condition, etc. Ark. Stat. Ann. 71-709. These purposes are no less valid for a subcontractor than for a general contractor.
In Wilcox v. Safley, 298 Ark. 159, 162, 766 S.W.2d 12, 771 S.W.2d 741 (1989), the Court elaborated as follows:
 In Bird, we address the issue of whether a person must contract with an owner or assume charge in a supervisory capacity to be considered a "contractor" under 71-701 (Supp. 1975) (currently 17-22-101). In reaching our decision, we first recognized that licensing statutes such as 71-701 are to be strictly construed. We then held that because the legislature substitutes the term "contractor" for "general contractor" and inserted the words "in a supervisory capacity or otherwise," an intent was to broaden that application of the act so its application would not necessarily be limited to one who contracted with an owner or one who assumed charge in a supervisory capacity.
As this passage suggests, then, the appropriate course in determining whether any given participant in a construction project is subject to a license requirement is to review the activities of that participant in isolation to determine whether he qualifies as a "contractor" under the statute.
Implicit in your request is a suggestion that if an owner/contractor is statutorily exempt from the license requirement, all subcontractors on the same project enjoy a derivative exemption. Nothing in the statutes or case law supports this conclusion. On the contrary, in considering a recent amendment to the statute at issue, it becomes apparent that the legislature intended the requirement to remain applicable to the subcontractors of an exempt owner/contractor. As amended, A.C.A. §17-25-101(d) reads as follows:
 Materials purchased by a prime contractor from a third party shall not be considered as part of the subcontractor's project if the prime contractor has the proper classification listed on a current contractor's license for the work being performed by the subcontractor. Materials purchased by a person or entity acting as a contractor in the construction, erection, alteration, or repair of his own or its own property from a third party shall not be considered as a part of the subcontractor's project, provided that the subcontract is for wood framing, shingle roofing, painting, floor covering, or concrete labor.
The highlighted amendment exempts certain materials from the calculation of a subcontractor's costs when working for an exempt owner/contractor. Obviously, in dictating that the specified costs would not count toward the $20,000 licensing trigger, the legislature was acknowledging that all labor and material costs not specified would count toward that amount. To conclude otherwise would be to render the highlighted amendment totally unnecessary, since a blanket exemption would obviously include the items specified. One basic rule of statutory interpretation is the prohibition against presuming that the legislature enacted a vain or meaningless statute. See, e.g., Death and Permanent Total Disability Trust Fund v.Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 293 (1992).
Significantly, A.C.A. § 17-25-101(a) exempts an owner/contractor only from the license requirement, not from compliance with the subchapter's other provisions. Among the applicable provisions is A.C.A. §17-25-103(e)(1)(A), which provides for penalties against any contractor found "to have violated or used a contractor in violation of this chapter." In my opinion, if an unlicensed, exempt owner/contractor uses an unlicensed subcontractor whose non-exempt material and labor costs exceed $20,000, the owner/contractor will be in violation of the statute just cited.
You may be aware that the Contractors Licensing Board has taken a position on this issue consistent with this Opinion. As noted in ArkansasContractors Licensing Board v. Butler Construction Company,295 Ark. 223, 225, 748 S.W.2d 129 (1988):
 The interpretation of a statute by an administrative agency, while not conclusive, is highly persuasive. Public Service Commission v. Allied Telephone Co., 274 Ark. 478, 625 S.W.2d 515 (1981). A court may not substitute its judgment for that of the administrative agency unless the decision of the agency is arbitrary and capricious. Green v. Carder, 282 Ark. 239, 667 S.W.2d 660 (1984). The construction of a statute by an administrative agency should not be overturned unless it is clearly wrong. Moore v. Tillman, 170 Ark. 895, 282 S.W. 9 (1926).
In this case, the Board's position only reinforces my own identical opinion.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JHD/cyh